# IIN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WILLIAM LEWIS JAMES, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. ` | ) | Case No. CIV-13-641-HE |
| WARDEN, FCI EL RENO, OKLAHOMA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The United States District Court for the Northern District of Texas sentenced Petitioner to an 87-month sentence. The sentencing judge specified that Petitioner would serve that sentence consecutive to a specific Lubbock County Texas state sentence that had yet to be imposed. And in fact, the Lubbock County state court never imposed that sentence – state prosecutors dismissed that charge. Petitioner received a seven-year sentence in another Lubbock County case. Petitioner deduced his federal sentence could not run consecutively to a nonexistent sentence. Yet he later realized the Bureau of Prisons and the Northern District of Texas disagreed with him. He sought relief before that court. Because he is housed in this district, Petitioner now finds himself before this Court.

## I. Background.

Given the case's circuitous procedural history, a detailed recitation proves helpful.

### A. The federal sentencing.

In 2006, while Petitioner was being held in the Lubbock County jail, the Northern District of Texas issued a writ of habeas ad prosequendum ordering Petitioner's appearance in that court to answer to federal charges. *See United State v. James*, Case No. 5:06-CR-14-C, Doc. 5 (filed Apr. 26, 2006) (*James I*). Under a plea agreement, Petitioner pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See id.* Doc. 20 (filed July 6, 2006). Under an amendment to that plea agreement, Petitioner retained the right to file an appeal and collaterally attack his conviction and sentence. *See id.* Doc. 24 (filed Aug. 30, 2006).

On October 6, 2006, the United States District Court for the Northern District of Texas imposed a sentence of 87 months' imprisonment, "to run consecutive with any sentence imposed in Case No. 2005-496535, County Court at Law No. 2, Lubbock County, Texas." *Id.* Doc. 28, at 2. Petitioner filed a direct appeal, and then moved to dismiss that appeal, a motion the district court granted. *Id.* Docs. 29-31.

**B.     The state sentencing.**

Petitioner returned to Texas state prison on Oct. 28, 2006. *Id.* Doc. 39, at 3. The state charges in Case No. 2005-496535 were dismissed. *See James v. Thaler*, Case No. CA 5:11-cv-198-C, Doc. 4, Ex. D (*James II*). State prosecutors also dropped charges in two other cases, Nos. 2005-409484 and 2005-409673. *Id.* Petitioner was convicted in another case, Case No. 2005-409672, for possession with intent to deliver a controlled substance (cocaine). *Id.* Doc. 3, at 1; *id.* Doc. 4, Exs. B, C.[1] He received a seven-year sentence for this offense on Feb. 27, 2007. *James II*, Doc. 3 at 1. The Lubbock County Court ordered its sentence to run concurrently with Petitioner's federal sentence. *Id.* Doc. 4, Ex. D.

**C.     Petitioner's inquiries and filings after sentencing.**

Petitioner was sent to the Texas Department of Criminal Justice Correctional Institute Division on March 27, 2007. *Id.* Doc. 4, at 1. On April 18, 2007, the Texas state facility issued a letter to the United States Marshal indicating that Petitioner was "wanted by [the U.S. Marshal] upon release

---

[1] The March 17, 2008 letter from the Section Chief for the Designation and Sentence Computation Center states that the case number for Petitioner's state court conviction is 2005-481115, not 2005-409672. *James II*, Doc. 4, Ex. D. The undersigned cannot find another reference to such a case number – it appears the correct case number is 2005-409672, as indicated by Petitioner and the Northern District of Texas. *See James I*, Doc. 37; *James II*, Doc. 3, at 1; *id.* Doc. 4, Ex. B.

3

from this institution." *Id.* Ex. A. The "Minimum discharge date" was "04/04/2013." *Id.* Petitioner received a copy of this letter. *Id.*

Apparently confused as to how, when, and where his sentences would be carried out, *id.* Doc. 4, at 1, Petitioner started making inquiries "follow[ing] the steps set forth in the State Counsel for Offenders Handbook, which instructed him to file a Time Dispute Resolution Form, which he did." *Id.* at 1-2.

On April 23, 2007, the State Counsel for Offenders office responded and confirmed the time Petitioner was serving for Case No. 2005-405672. *Id.* Ex. B. "These computations do not indicate missing jail time credit on this cause number." *Id.*

In May 2007, he contacted the Federal Bureau of Prisons "to inquire about the status of his Federal sentence." *Id.* Doc. 4, at 2. On September 27, 2007, the South Central Regional Office's Correctional Programs Specialist informed him that BOP's records did not indicate he was "in service of a federal term." *Id.* Ex. C. "[S]entences imposed at different times run consecutively unless the federal court orders the terms to run concurrently." *Id.* The BOP's Correctional Programs Specialist directed Petitioner to send copies of his federal and state judgments to the Designation and Sentence Computation Center, which would make a determination "regarding the status of [his] federal sentence." *Id.*

4

On November 19, 2007, Petitioner avers he did just that. *Id.* Doc. 4, at 2. Four months later, on March 17, 2008, the Section Chief for the Designation and Sentence Computation Center responded. *Id.* Doc. 4, Ex. D. The letter recapped that Petitioner's federal sentence was ordered to run consecutively to any sentence imposed in Texas state case number "2005-496535" and that the Lubbock County Court ordered its seven-year sentence in case number 2005-409672 "to run concurrently with [Petitioner's] federal sentence." *Id.*[2] The letter also noted that the count in case number 2005-496535 (and two other pending state counts) were dismissed. *Id.* The letter concluded that "[t]he federal Court's intent was for its sentence to run consecutively to any pending state sentence." *Id.* "If you wish to further pursue this matter contact the federal Court directly." *Id.*

On June 5, 2008, Petitioner did just that. *See James I*, Doc. 37. He wrote a letter to the sentencing judge explaining that he was sentenced "to serve 87 months to be run consecutively with any sentence resulting from case number 2005-496535, which was dropped, . . . ." *Id.* He stated that he was serving a seven-year sentence for case number 2005-409672, which the state court ordered to "run concurrently with [his] federal conviction." *Id.* He inquired whether the federal court had "relinquished it's [sic] jurisdiction to the State of Texas to allow [his] federal prison time to be served at a State

---

[2] *See supra* note 1.

5

level" and requested that the court "take the necessary action to secure [his] transfer to the appropriate FCI facility." *Id.*

Two years and nearly five months later, the district court issued a one-sentence order denying Petitioner's request. *Id.* Doc. 38 ("The Court having considered a letter from Defendant filed as a Motion for Time Credits on June 5, 2008, is of the opinion that the same should be DENIED.") (filed Nov. 2, 2010).

Two weeks later, Petitioner filed a petition for habeas corpus in Texas state court contending his counsel's ineffective assistance resulted in an involuntary guilty plea. *James II*, Doc. 4, at 3; *see id.* Doc. 1, at 3, 7. The Texas Court of Criminal Appeals denied his application for a writ. *Ex parte James, Jr.*, Case. No. WR-75013-01, 2011 WL 1166860, at *1 (Tex. Ct. Crim. App. Mar. 9, 2011) (per curiam).

On October 21, 2011, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Northern District of Texas alleging ineffective assistance of counsel in preparation for the plea. *James II*, Doc. 1, at 7. The case was assigned to the sentencing judge. *See James II*, Docket Sheet. The district court ordered Petitioner to show cause why it should not dismiss the petition as untimely. *Id.* Doc. 3, at 4. Petitioner responded and outlined the above procedural framework. *Id.* Doc. 4, at 1-3, Exs. A-D.

6

The district court concluded that Petitioner's state court conviction became final on March 29, 2007, and that he should have filed his § 2254 petition by March 30, 2008. *Id.* Doc. 7, at 3 (filed May 21, 2012). The district court stated that Petitioner "allege[d] that his trial counsel was constitutionally ineffective because he gave him incorrect or false information regarding the law about concurrent and consecutive sentences, which in turn rendered Petitioner's guilty plea unknowing and involuntary." *Id.* at 5. The district court noted that Petitioner was "exhausting his state time-credit claims and [that Petitioner claimed] this took an extraordinary amount of time." *Id.* The district court also determined that "for a considerable amount of time" during his state incarceration, Petitioner was "just writing letters to different officials and agencies rather than seeking relief through the judicial system." *Id.* (internal quotation marks omitted). Because none of those officials or agencies "have anything to do with the claims of ineffective assistance of counsel he raises," no circumstances entitled him to equitable tolling. *Id.* The district court mentioned neither Petitioner's Motion for Time Credits (*James I*, Doc. 37), nor the two-plus years the court considered that motion, and dismissed the § 2254 petition as time-barred. *See James II*, Doc. 7, at 1-6.

On April 4, 2013, Petitioner completed serving his state sentence and he entered the federal prison system. On May 28, 2013, he moved for

7

modification of his judgment in his criminal case. *James v. United States*, 5:13-cv-127-C, Doc. 2 (N.D. Tex., filed May 29, 2013).[3] The district court deemed the Petitioner to "attack[] the manner in which his sentence is being executed." Doc. 1.[4] The court opened a new matter and transferred the case to this court. Doc. 4 (N.D. Tex. Order, filed June 19, 2013) (stating that Petitioner "challeng[ed] the execution of his federal criminal case"). United States District Judge Joe Heaton referred the matter to the undersigned

---

[3] Because Case No. 5:13-cv-127-C was transferred and renumbered as the case before this Court, the undersigned cites the docket entries in this matter, No. Civ. 13-641-HE.

[4] The Order stated:

> William Lewis James, Jr. (Defendant) filed a "Motion to Modify Judgment Order Applying U.S.S.G. 5G1.3(c)" on May 28, 2013, in which he requests that his federal sentence be served concurrently with his state sentence.
>
> Defendant was sentenced by this Court on October 6, 2006, to 87 months' incarceration as to Count 1 with this term to run consecutively to any imposed in Case No. 2005-496535, County Court at Law No. 2, Lubbock County, Texas.
>
> Defendant is attacking the manner in which his sentence is being executed. "Section § 2241 is used to attack the manner in which a sentence is executed." *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The Court finds that Defendant's motion should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Doc. 1.

8

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

In his motion, Petitioner argued that the district court's failure to apply U.S. Sentencing Guideline § 5G1.3(c) prolonged his sentence by 90 months. Doc. 2, at 3. He asked the court to "credit his sentence for the time he spent in federal custody resolving the federal charges and the time he spent in state custody." *Id.* at 5. In so doing, he references the sentencing court's misapplication of 18 U.S.C. §§ 3584 and 3553(a). *Id.* at 4.

In this court, the Respondent filed a motion to dismiss. Doc. 14. Respondent argues (1) this Court should construe Petitioner's challenge as a § 2255 petition and not a § 2241 petition – as such, he can only proceed before the United States District Court for the Northern District of Texas – the court that sentenced him (and where he originally filed his motion); (2) Petitioner only has a § 2241 remedy if § 2255 is ineffective or inadequate; (3) Petitioner has failed to show exhaustion of administrative remedies; and (4) U.S. Sentencing Guideline § 5G1.3(c) was irrelevant in determining Petitioner's sentence. *Id.* at 5-12.

Petitioner responded, clarifying that his challenge is that the Northern District of Texas "ordered [his] Federal time to run consecutive to 'any time imposed' in one particular case [and] that this particular offense never ended in a conviction or sentence." Doc. 15, at 2. "In essence there never was a

9

sentence to run the Federal time consecutive with, as the court assumed there would be." *Id.* Petitioner also stated he exhausted his administrative remedies and attached documentation. *Id.*

Respondent replied, arguing that, despite liberally construing his petition to challenge the district court's imposition of a sentence consecutive to a non-existent sentence, only the sentencing court may address that issue. Doc. 16, at 1-2.

## II. Analysis.

To start, this Court liberally construes a pro se petitioner's filings, but it does not serve as his advocate. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

When a prisoner challenges the execution of a sentence, § 2241 governs. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." (citation omitted)). When he challenges the validity of the sentence, § 2255 governs. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that § 2255 proceedings are used to collaterally attack the validity of a sentence). This sounds simple enough.

But, this distinction can generate confusion when a prisoner claims that a federal sentence should run concurrently with, rather than consecutively to, another sentence. The reason for the confusion is that this

type of allegation can involve either the validity or execution of the sentence, depending on how the claim is asserted.

For example, when a prisoner questions how he is to serve two sentences, the claim will sometimes turn on whether the sentences are to run consecutively or concurrently. Because the claim involves how the inmate is to serve the sentences, § 2241 would ordinarily govern. An example appeared in *United States v. Miller*, 594 F.3d 1240 (10th Cir. 2010). There the federal court imposed a sentence to run consecutively to a prior state sentence. *Miller*, 594 F.3d at 1241. The petitioner asked the federal court to designate the state prison as the place to serve the federal sentence. *Id.* That would have made the sentences concurrent because the petitioner would have been receiving credit for both sentences at the same time. *Id.* Because the petitioner was challenging only the place for service of the federal term, however, the court regarded the claim as one involving execution of the sentence for purposes of § 2241.[5] *Id.* at 1242.

---

[5] As the BOP Program Statement 5160.05 states, BOP Regional Directors may "designate a state institution for concurrent service of a federal sentence" when "consistent with the intent of the federal sentencing court or the goals of the criminal justice system." *See* U.S. Dep't of Justice, Bureau of Prisons Program Statement No. 5160.05, Designation of State Institution for Service of Federal Sentence § 8, (2003).

The BOP ascertains the sentencing court's intent in several ways, including explicit imposition of a concurrent sentence, *id.* § 9(b)(1), an inmate's request for a nunc pro tunc designation, *id.* § 9(b)(4), or a state's

A different scenario exists when the inmate challenges the correctness of the federal court's action when it imposed the sentence. For example, the federal court may say that its sentence will run consecutively to another sentence.[6] The prisoner may disagree and argue that the federal court should have said that the sentences would run concurrently, rather than consecutively. In this situation, the prisoner is challenging the validity of the sentence that was imposed. This type of claim constitutes a classic challenge

---

request that the sentences be served concurrently, *id.* § 9(b)(5). When a state request is received, the Program Statement directs Regional Inmate Systems Administrators, "if necessary, [to] correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently." *Id.* § 9(b)(5)(a). In this case, the record indicates that the state court intended its sentence would be served concurrently, *James II*, Doc. 4, Ex. D. Though, as Respondent points out, Doc. 16, at 5-6, a state court's subsequent imposition of a concurrent sentence is not binding. *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990) (While the state court's recommendation does not bind the BOP, it serves as a "relevant characteristic[ ].").

Importantly here, the BOP made two factually inaccurate statements regarding Petitioner's sentence: Doc. 15, Ex. C, at 3 ("Your federal judgment ordered your sentence to run consecutively *with your state sentence . . . .*") (emphasis added); Ex. D, at 3 ("[T]he federal Judgment was silent on whether our sentence should run consecutively or concurrently to *any other sentence*.") (emphasis added). Clearly, the sentencing judge ordered Petitioner's sentence to run consecutive to an anticipated state sentence stemming from a specified state court proceeding. In denying Petitioner's request for a nunc pro tunc designation, the BOP did contact the sentencing court, which expressed opposition to a "retroactive designation" of the judgment. *Id.* Ex. D, at 3.

[6] And, it may impose a sentence to be served consecutively to or concurrently with an anticipated sentence. *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012).

12

to the validity of the sentence and is ordinarily cognizable under § 2255, but not § 2241.[7]

The threshold issue is which type of claim does Petitioner assert. He argues that the federal court erred by stating that its sentence would run consecutively to another sentence – not merely an undischarged sentence, but one that was never to be imposed. He contends that the sentencing court's order is inherently impossible to carry out. Petitioner bases this argument in part on his belief that the sentencing court misapplied § 5G1.3 of the federal sentencing guidelines and that he is serving a sentence longer than the sentencing court intended. What he does *not* argue is that the BOP has incorrectly applied the sentencing court's order, or incorrectly designated how he is to serve the sentence – that would be an attack on the execution of his sentence, which he may file under 28 U.S.C. § 2241 in the district court having jurisdiction over his custodian. *Setser*, 132 S. Ct. at 1473 (Defendant "may raise his claim through the Bureau's Administrative Remedy Program . . . . And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241.").

So, unlike our sister court, the undersigned concludes that Petitioner's claim involves a challenge to the validity of the sentence. As a result, this

---

[7] An exception exists when the prisoner establishes that the remedy under § 2255 is inadequate and ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178-79 (10th Cir. 1999).

type of claim is cognizable under § 2255, but not § 2241.  *See Carroll v. Peterson*, 105 F. App'x 988, 990 (10th Cir. 2004) (holding that a claim involving the judge's failure to make the sentences concurrent under U.S. Sentencing Guideline 5G1.3(c) "must be brought" under § 2255 rather than § 2241); *see also United States v. Ellsworth*, 296 F. App'x 612, 615 (10th Cir. 2008) (holding that claims involving (1) the sentencing judge's error in believing that he could not order the sentences to be concurrent, and (2) ineffective assistance of counsel for not "making sure the plea agreement required concurrent sentences" involved imposition of the sentence and was cognizable under § 2255 but not § 2241); *Haynes v. U.S. Bureau of Prisons,* 413 F. App'x 779, 780 (5th Cir. 2011) ("To the extent that Haynes may be understood to contend that if a non-concurrent sentence was imposed it was erroneous under § 5G1.3(b), his claim is a challenge to the correctness of his federal sentences.  Haynes is not entitled to proceed under § 2241 on such a claim unless he can demonstrate that relief is warranted under the savings clause of 28 U.S.C. § 2255(e), which he has failed to do.").

The resulting issue is whether the action should be recharacterized as one under § 2255[8] or something else.[9]  Because recharacterization of any sort

---

[8]    The undersigned makes no assessment of the timeliness of such a filing, only to note that the Petitioner has engaged in persistent and diligent action to clarify the nature of the original sentence he received in the Northern District of Texas.  And, the "diligence required for equitable tolling

14

involves a challenge involving the sentencing court, the undersigned recommends against recharacterization. And, liberally construing Petitioner's filing as a § 2255 petition could prevent Petitioner from filing a future motion under § 2255 – this Court cannot recharacterize the petition as a motion under § 2255 without notice and an opportunity to be heard. *See Castro v. United States*, 540 U.S. 375, 383 (2003). So, sua sponte recharacterization as such would be inappropriate. *See id.* Instead, the Court should simply dismiss the action without prejudice based on the unavailability of relief under § 2241.

### III. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's claims relate to the imposition of his federal sentence, and as such, recommends that this Court dismiss the action, and not recharacterize Petitioner's claims.

---

purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (citation and internal quotation marks omitted).

9 For example, Petitioner may be seeking to correct the judgment. A district court "may at any time correct a clerical error in a judgment" that arises from an "oversight or omission." Fed. R. Crim. P. 36. A clerical error occurs when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)).

The parties are advised of their right to file an objection to this report and recommendation with the Clerk of this Court by March 26, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 12th day of March, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE